**CHARLES SIMKIN & SONS, INC.,**
**Plaintiff,**

v.

**The STATE UNIVERSITY CONSTRUC-TION FUND, Defendant.**

**No. 68 Civ. 3270.**

United States District Court,
S. D. New York.

Jan. 4, 1973.

Max E. Greenberg, Trayman, Harris, Cantor, Reiss & Blasky by Sayward Mazur, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen., State of New York by Alvin O. Sabo, Asst. Atty. Gen., Albany, N. Y., for defendant.

MEMORANDUM

CANNELLA, District Judge.

Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, and by virtue of the immunity from suit in Federal Court provided by the Eleventh Amendment to the United States Constitution, is granted.

The several causes of action alleged in the complaint arise out of a contract be-

tween plaintiff and defendant for the construction by plaintiff of a central heating plant and distribution system at the State University College at New Paltz, Ulster County, New York. Jurisdiction is predicated upon diversity of citizenship. 28 U.S.C. § 1332.

The questions raised are whether or not defendant, State University Construction Fund, shares the Eleventh Amendment immunity of the sovereign state, and whether or not it is a citizen under the diversity statute. Although the Fund has had existence for more than ten years its status appears not to have been passed upon by the New York courts.

The Fund was established by Chapter 251 of the Laws of New York of 1962, effective April 1, 1962, which added new Article 8–A to the Education Law. (N. Y. Education Law, §§ 370–384). The purpose was to create "as a public benefit corporation a fund which could receive and administer moneys available for state university construction, acquisition, reconstruction, rehabilitation and improvement and whose single purpose would be the timely provision of such facilities in accordance with the approved master plan". (Legislative findings and purposes, McKinney's 1962 Session Laws of New York, Vol. 1, p. 494).

Section 371 of the N.Y. Education Law provides that the Fund shall be a corporate governmental agency constituting a public benefit corporation to be administered by three trustees appointed by the governor, who may remove any trustee on charges. The Fund is given power to appoint such officers, employees and agents as it may deem advisable, and prescribe their duties and fix their compensation. Its officers and employees are made transferrable to and from other state agencies without examination and without loss of any civil service status or rights.

The purposes of the Fund are set forth in Education Law, Section 372:

". . . to provide academic buildings, dormitories and other facilities for the state-operated institutions and contract and statutory colleges under the jurisdiction of the state university, to reduce the time lag between determination of need for such facilities and actual occupancy thereof, to expedite the construction, acquisition, reconstruction, rehabilitation or improvement of such facilities and to assure that the same are ready for the purposes intended when needed and when scheduled under the approved master plan of the state university".

The Fund is given certain corporate powers necessary for the fulfillment of its purposes (N.Y. Education Law, § 373), but with respect to the performance of its purposes and the letting of construction contracts, it may do so only under Section 376(1):

". . . provided that legislation or appropriations authorizing the same (i) have been requested by the state university trustees, (ii) have been recommended by the governor in a budget bill relating to a state fiscal year commencing on or after April first, nineteen hundred and sixty-two which specifies the facilities to be constructed, acquired, reconstructed, rehabilitated or improved and the total estimated cost for each such facility, and (iii) have been approved by the legislature for such state fiscal year . . .".

The resources of the Fund are specified in Education Law, Section 377(1):

"1. The fund may receive, accept, invest, administer, expend and disburse for its corporate purposes appropriations from the capital construction fund and the state purposes fund of the state, and other revenues and moneys made available or to be made available to it from any or all sources for the construction, acquisition, reconstruction, rehabilitation and improvement of academic buildings, dormitories and other facilities, including gifts, grants and loans from the federal government, any state agency, any county, city, town or village, any

private foundation, organization or individual, or any other source".

The abiding thought of the legislation is to establish an entity which with the use of state funds, or funds otherwise receivable by the state for education purposes by grant or gift, will expedite the provision of the facilities needed to accommodate an exploding enrollment in the state universities of New York. It is inescapable that the State University Construction Fund in its functions, purposes and operations is designed to perform a State obligation and does so as an arm or alter ego of the State.

Plaintiff urges that the Fund is a distinct corporate entity and so amenable to suit. Analogy is sought with the New York Dormitory Authority (N.Y. Public Authorities Law, §§ 1675–1692), and New York Job Development Authority (N.Y. Public Authorities Law §§ 1800–1834) both held by the New York courts to have separate existence and not identical with the State. Matter of Dormitory Authority, 18 N.Y.2d 114, 271 N.Y. S.2d 983, 218 N.E.2d 693 (1966). Story House v. Job Development Authority, 37 App.Div.2d 345, 325 N.Y.S.2d 659 (1971). The cases were, however, decided in different contexts and in fact the Authorities described differ in many respects from the Fund under consideration. To accomplish its purposes, the Dormitory Authority has power to borrow money and to issue negotiable bonds and notes (N.Y. Public Authorities Law, §§ 1678(11), 1680(6), 1682), and it is expressly provided that the bonds and other obligations of the Authority "shall not be a debt of the state of New York nor shall the state be liable thereon . . . ." (Section 1683). The Job Development Authority is authorized to carry out its purposes substantially in a similar manner. N.Y. Public Authori-

ties Law, §§ 1805, 1812, 1818) and, although the State is guarantor of special purpose bonds and notes of the Authority (Section 1813), State liability on the Authorities general purpose bonds is expressly disclaimed (Section 1819).

Ultimate State liability is absent in the cases of the two Authorities, but is unavoidably present in suits against the defendant, State University Construction Fund. The following language of O'Neill v. Early, 208 F.2d 286, 288 (4th Cir. 1953), is applicable to the present action against the Fund:

> "This is not a suit against a municipal corporation or against officers of the state as individuals, but against an agency of the state, sued as such, and an officer of the state sued in his official capacity. Its purpose is to obtain a judgment which will establish a liability of the state and will be payable out of public funds controlled by defendants in their supervision of the state's educational system. It is perfectly clear that such a suit is one against the state which falls within the inhibition of the Eleventh Amendment". (Citations omitted).

Subject matter jurisdiction also is lacking for, to borrow from Fabrizio & Martin Incorporated v. Board of Education 290 F.Supp. 945, 948 (S.D.N.Y. 1968) to sustain jurisdiction, the court must find that the State University Construction Fund is a corporate entity sufficiently independent and separate from the State to carry its own citizenship, and not by this suit, expose the State to financial or other detriment. The court is unable to make those findings under the facts of this case.

Defendant's motion to dismiss the complaint is granted.

So ordered.