**GEORGE R. WHITTEN, JR., INC.**
**d/b/a Whitten Corporation,**
**Plaintiff,**

v.

**STATE UNIVERSITY CONSTRUCTION FUND, Defendant.**

**Civ. A. No. 71-1692.**

United States District Court,
D. Massachusetts.

April 27, 1973.

COURT'S ACTION ON PLAINTIFF'S MOTION FOR LEAVE TO USE DEPOSITIONS TAKEN IN PRIOR ACTION, AND ON DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Frank T. Barber, III, Boston, Mass., for plaintiff.

Louis K. Lefkowitz, Atty. Gen., Albany, N. Y., by Barry L. Radin, Asst. Atty. Gen., Albany, N. Y., for defendant.

JULIAN, Senior District Judge.

This case is before the Court on two motions, plaintiff's motion for leave to use depositions taken in a prior action [1] and defendant's motion to dismiss the complaint. Plaintiff, a Massachusetts corporation engaged in the design, manufacture, installation, sale, and distribution of swimming pool gutter and recirculation systems, seeks to enjoin, and to recover damages for, defendant's publication and distribution of an allegedly libelous pamphlet containing a critical appraisal of plaintiff's prefabricated gutter system. Defendant is a New York "public benefit" corporation, organized "to provide academic buildings, dormitories and other facilities for the state-operated institutions and contract and statutory colleges under the jurisdiction of the state university . . . ." N.Y. Education Law, McKinney's Consol.Laws c. 16, § 372.

*Plaintiff's Motion for Leave to Use Deposition Taken in Prior Action*

Plaintiff seeks to use in this action eight depositions taken in a prior action by the same plaintiff against another defendant. Plaintiff "submits that it would be an added expense on the part

1. Plaintiff, on different dates, filed two such motions, covering different depositions, all of which were taken in Whitten v. Paddock Pool Builders, Inc. et al, C.A. No. 68–695–F. This memorandum applies to both motions.

of all parties concerned with this action to have the said Depositions re-taken, and to re-take the said Depositions could serve no useful purpose." [2] Defendant opposes the motion, not having been a party to the prior action, and thus not having been present or represented at the taking of the depositions.

Fed.R.Civ.P. 32 governs the use of depositions in court proceedings. Rule 32(a), the pertinent part of which is set out in the margin,[3] impliedly prohibits the use of a deposition against any party who was not present or represented at the taking of such deposition or who had no reasonable notice thereof. Clearly, defendant State University Construction Fund is such a party.

The rule, however, has not been read so narrowly. It has been repeatedly held that the presence of an adversary with the same motive to cross-examine the deponent, coupled with a substantial identity of issues, in the prior action may suffice to permit the usage of a prior deposition in a subsequent action. Hertz v. Graham, 23 F.R.D. 17 (S.D.N.Y.1958); Fullerform Continuous Pipe & Constr. Co., 44 F.R.D. 453 (D.Ariz. 1968); Ikerd v. Lapworth, 435 F.2d 197 (7th Cir. 1970).

■ In the present case, plaintiff has neither made nor attempted to make a showing of substantial identity of issues and presence of an adversary with the same motivation to cross-examine the deponents in the prior action. The Court, therefore, finds no basis upon which to allow plaintiff's motion for leave to use the depositions taken in the prior action.

Accordingly, the Court orders that plaintiff's motion for leave to use depositions taken in prior action be, and the same hereby is, denied.

2. Plaintiff's Motion for Leave to Use Depositions Taken in Prior Action, filed August 28, 1972, at 2.

3. F.R.Civ.P. 32(a): *"Use of Depositions.* At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions . . . . . "

*Defendant's Motion to Dismiss Complaint*

Defendant State University Construction Fund moves to dismiss the complaint on the ground, *inter alia,* that the Eleventh Amendment to the United States Constitution immunizes it from suit in a federal court by a citizen of another state. The threshold question of whether defendant Fund shares the immunity of the sovereign state of New York has been recently answered in the affirmative in Charles Simkin & Sons, Inc. v. State University Construction Fund, 352 F.Supp. 177 (S.D.N.Y.1973). In *Simkin,* the Court granted a motion to dismiss a contract action brought against the instant defendant, holding that the Fund "in its functions, purposes and operations is designed to perform a State obligation and does so as an arm or alter ego of the State." *Id.* at 179. According to the *Simkin* court, a federal district court sitting in the State of New York, ultimate state liability "is unavoidably present in suits against the defendant, State University Construction Fund." *Ibid.* The court reached this decision after reviewing the legislation creating the Fund. Thus, the suit was held to be one against the state which falls within the inhibition of the Eleventh Amendment.

As to subject matter jurisdiction, assertedly based upon diversity of citizenship, the *Simkin* court, at 179, stated:

"Subject matter jurisdiction also is lacking for, to borrow from Fabrizio & Martin Incorporated v. Board of Education, 290 F.Supp. 945, 948 (S.D.N.Y.1968) to sustain jurisdiction, the court must find that the State University Construction Fund is a corporate entity sufficiently independ-

ent and separate from the State to carry its own citizenship, and not by this suit, expose the State to financial or other detriment. The court is unable to make those findings under the facts of this case."

The parties have cited, and this Court has found, no other case in which the issues raised by defendant's motion to dismiss have been decided. This Court agrees with the reasoning of the *Simkin* court and accordingly grants defendant's motion to dismiss the complaint on the grounds of lack of jurisdiction over the subject matter and Eleventh Amendment immunity from suit.

It is ordered that the complaint be dismissed.