Donna Lynn Reiff, a minor, by her parents and natural guardians, Donald A. Reiff and Dovie K. Reiff, and Donald A. Reiff and Dovie K. Reiff, in their own right, Plaintiffs *v.* Commonwealth of Pennsylvania, City of Philadelphia, Pennsylvania, et al., Defendants.

Submitted on briefs, September 10, 1976, to Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Melvin Alan Bank,* with him *Bank, Minehart & D'Angelo,* for plaintiffs.

*Robert A. Greevy,* Assistant Attorney General, with him *J. Andrew Smyser,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE ROGERS, November 3, 1976:

This is a trespass action in which plaintiffs, invoking the original jurisdiction of this Court,[1] seek to recover damages for injuries sustained by the minor plaintiff during the course of the robbery of a Philadelphia shop. The Reiffs assert that the present defendants, the Commonwealth of Pennsylvania and the Pennsylvania Board of Probation and Parole (Board), are liable because of the gross and wanton negligence, recklessness and carelessness of certain members and employees of the Board.[2] Specifically, it is alleged that the defendants, with knowledge of the serious criminal records of the alleged felons, did one or more of the following: allowed the robbers to be released on parole, failed to properly supervise them while on parole, and failed to apprehend them for criminal activity until after the plaintiff had been injured.

The Commonwealth and the Board have raised preliminary objections, alleging that the doctrine of sovereign immunity clothes both the Commonwealth and

---

[1] Section 401 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401.

[2] In *Reiff v. Commonwealth,* 24 Pa. Commonwealth Ct. 537, 354 A.2d 918 (1976), we sustained preliminary objections, in the nature of demurrers, raised by some individual defendants whom we found to be high public officials acting within their official capacities or scopes of authority and hence absolutely immune from tort liability. We transferred to the Court of Common Pleas of Philadelphia County the complaint as it related to the City and one of its employees.

the Board with absolute tort immunity. The resolution of this matter is controlled by our recent decision in *Freach v. Commonwealth*, 24 Pa. Commonwealth Ct. 546, 354 A.2d 908 (1976), where we held that suits against the Commonwealth and the Board are expressly precluded by Article I, Section 11 of the Pennsylvania Constitution. However, plaintiffs suggest that in view of recent legislative expressions of concern for the innocent victims of crimes,[3] we should reconsider the doctrine of sovereign immunity, at least insofar as it prevents actions of this character.

The Commonwealth Court has often held that it has no power or authority to ignore or overturn prior pronouncements of the Supreme Court of Pennsylvania controlling this subject matter. And as the Supreme Court has repeatedly held, the Commonwealth's immunity can be waived only by express legislative enactment manifesting a consent to suit. *Brown v. Commonwealth of Pennsylvania*, 453 Pa. 566, 305 A.2d 868 (1973). Neither of the two recent acts cited to us by plaintiffs satisfied this constitutional requirement. Thus, we are left with no choice but to conclude that the doctrine of sovereign immunity insulates both of the present defendants from liability.

ORDER

AND Now, this 3rd day of November, 1976, it is hereby ordered that the preliminary objections of the Commonwealth are sustained and the complaint herein is dismissed.

---

[3] The Act of June 18, 1976, P.L.    , No. 86, amends Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes by adding provisions on the restitution to victims of crimes. The Act of July 9, 1976, P.L.    , No. 139, creates a Crime Victim's Compensation Board and provides for the consideration and payment of claims to persons who are victims of crimes. Unfortunately, Section 4 of the Act provides that there shall be no compensation for crimes which have occurred prior to the effective date of the Act.

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH:

I must respectfully dissent. As I stated in my Concurring and Dissenting Opinion in *Freach v. Commonwealth*, 24 Pa. Commonwealth Ct. 546, 354 A.2d 908 (1976), my position is that the Pennsylvania Constitution neither requires nor prohibits sovereign immunity, but rather, is neutral on the subject and merely sets forth the procedure whereby the Commonwealth may waive the power to be immune. Therefore, it is within the power of the judiciary to examine the merits of the doctrine and, if necessary, excise the doctrine from our law. Finally, in all sovereign immunity cases, we must develop a discovery procedure designed to adduce all relevant information as to the duties of an individual defendant before cloaking him with absolute immunity.

I dissent.