Donna Lynn Reiff, a minor, by her parents and natural guardians, Donald A. Reiff and Dovie K. Reiff et al., Plaintiffs *v.* Commonwealth of Pennsylvania, City of Philadelphia et al., Defendants.

Submitted on briefs, September 10, 1979, to Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Melvin Alan Bank,* with him *Bank, Minehart & D'Angelo,* for petitioners.

*Robert A. Greevy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE ROGERS, October 4, 1979:

This trespass case is before us on remand by the Pennsylvania Supreme Court for reconsideration of the issue of whether the action against the Commonwealth of Pennsylvania and the Pennsylvania Board of Probation and Parole is barred by sovereign immunity in light of *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), and the Act of September 28, 1978, P.L. 788, dealing with sovereign and official immunity and commonly called Act 152. We again sustain the Commonwealth's and the Board's preliminary objections based on sovereign immunity. *Reiff v. Commonwealth,* 27 Pa. Commonwealth Ct. 504, 365 A.2d 1357 (1976).

The plaintiff, Donna Lynn Reiff was shot during a robbery in Philadelphia. The complaint alleges that the robbers were on parole at the time of the robbery,

and that the Commonwealth and the Board were reckless, careless, and grossly and wantonly negligent in releasing the robbers on parole and in failing adequately to supervise them.

Section 5110 of the Judicial Code, 42 Pa. C.S. §5110, supplied by Act 152, is a direct legislative response to the decision of *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), where the Pennsylvania Supreme Court abolished the doctrine of sovereign immunity. It reinstated sovereign immunity, except in eight categories of cases. Unfortunately for the plaintiff, her claim does not fall within any of the enumerated exceptions.

All other questions raised in this appeal are answered by our decision in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).

Accordingly, we enter the following

ORDER

AND Now, this 4th day of October, 1979, it is hereby ordered that the preliminary objections of the Commonwealth are sustained and the complaint herein is dismissed.