Donna Lynn Reiff, a Minor, by her parents and natural guardians, Donald A. Reiff and Dovie K. Reiff, and Donald A. Reiff and Dovie K. Reiff in their own rights, Plaintiffs *v.* Commonwealth of Pennsylvania, City of Philadelphia, Pennsylvania Board of Probation and Parole, William F. Butler, William C. Boor, Ernest R. Conley, John H. Jefferson, Carol A. Attwood, John J. Burke, Herman Tartler and Harold G. Miller, Defendants.

Argued December 5, 1975, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Melvin Alan Bank,* with him *Bank, Minehart & D'Angelo,* for plaintiffs.

*Louis F. Hinmann, III,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *Raymond Kitty,* Deputy in Charge of Litigation, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for defendant, City of Philadelphia.

*Joseph Goldberg,* Assistant Attorney General, for defendant, Commonwealth.

*Edwin L. Scherlis,* with him *Frank and Margolis,* for defendants, Butler, Boor, Conley, Jefferson, Attwood, Burke, Tartler and Miller.

OPINION BY JUDGE WILKINSON, March 4, 1976:

On February 5, 1973, Donna Lynn Reiff, a minor, was shot and critically wounded during the course of a robbery at a shop, known as the Peasant Garb, located on South 17th Street in Philadelphia.[1] It is alleged that the robbery was committed by three persons, one or more of whom had been released from imprisonment on parole by the Pennsylvania Board of Probation and Parole (Board).

Donna and her parents (the Reiffs), invoking this Court's original jurisdiction, have filed an action in trespass, naming as defendants the Commonwealth, the Board, individual Board members, various officials and an employee of the Board,[2] and the City of Philadelphia.

---

1. As a result, Donna is averred to be permanently paralyzed from the upper chest downward.

2. Specifically, defendants Butler, Boor, Conley and Jefferson are sued in their capacities as members of the Board; defendant

Specifically, the Reiffs assert that the defendants, knowing of the serious criminal records of the alleged robbers, did one or more of the following: allowed the robbers to be released on parole, failed to properly supervise them while on parole, and failed to apprehend them for criminal activity until after Donna was shot. Currently before the Court are preliminary objections, in the nature of demurrers, by the individual defendants, raising immunity from liability, and by the City of Philadelphia.

The resolution of this case is controlled by our decision, filed this day, in *Freach v. Commonwealth*, 23 Pa. Commonwealth Ct. 546, 354 A.2d 908 (1976). In that trespass case, we hold the Superintendent of the Board's Parole Division to be a high public official of the Commonwealth and thus absolutely immune from tort liability in the exercise of his official duties. We further held that parole agents and the City of Scranton are not officers and an agency, respectively, of the Commonwealth, and, therefore, outside our original jurisdiction. Consequently, we dismissed the complaint against the Superintendent and transferred the causes of action against the agents and the municipality to a court of proper jurisdiction.

In the present case, we must reiterate our holdings in *Freach* regarding defendant Burke as Superintendent of Parole, defendant Attwood as a probation officer, and defendant City of Philadelphia. Moreover, we extend *Freach* to defendants Boor, Butler, Conley, and Jefferson as members of the Board, to defendant Tartler as Board Secretary, and to defendant Miller as Board Regional Director, finding them to be high public officials and hence absolutely immune from tort liability. *See DuBree v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 303 A.2d

Tartler as Secretary of the Board; defendant Burke as Superintendent of Parole; defendant Miller as Regional Director for the Board; and defendant Attwood as a probation officer employed by the Board responsible for supervising the activities of one of the alleged robbers released on parole.

530 (1973). In so doing, we have carefully examined the Reiffs' complaint and are satisfied that it fails to allege any facts that defendants Burke, Boor, Butler, Conley, Jefferson, Tartler, and Miller acted without their respective official capacities or scopes of authority.

Accordingly, we enter the following

ORDER

Now, March 4, 1976, the preliminary objections of the defendants Butler, Boor, Conley, Jefferson, Burke, Tartler, and Miller are hereby sustained and the complaint as to those defendants is dismissed.

It is further ordered, pursuant to Section 503 (b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, *as amended*, 17 P. S. §211.503 (b), that the causes of action against defendant City of Philadelphia and defendant Attwood shall be and are hereby transferred to the Court of Common Pleas of Philadelphia County, unless, within 30 days, the parties to those actions notify the Chief Clerk of an agreement that the actions be transferred to a different court of proper jurisdiction in which case they shall be transferred to the agreed upon court.

The Chief Clerk shall certify to the Prothonotary of the court to which these actions are transferred a photocopy of the docket entries in this Court of the above matter, and shall transmit to him the record thereof.