The Estate of Tanya Carlisa Armstrong, a/k/a Lisa Rodriguez, Deceased, a Minor, by her Parent and Natural Guardian and Personal Representative, Phyllis Rodriguez et al., Plaintiffs v. Pennsylvania Board of Probation and Parole et al., Defendants.

tion therefore continues to be barred by virtue of Section 5(b)(1) of Act 152. Finally, this Court today holds, in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, A.2d (1979), that Section 5(b)(1) of Act 152 is not unconstitutional insofar as it acts retroactively to bar suits which would otherwise have been allowed by virtue of the judicial abolition of sovereign immunity in *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978). We must therefore hold that the Commonwealth and the Board continue to enjoy immunity from suit, and we must dismiss the action as to those defendants.

II The Complaint against the Members of the Pennsylvania Board of Probation and Parole.

Preliminary objections of the individual members of the Board of Probation and Parole seek dismissal of the Complaint against them on the ground of their absolute immunity as so-called high Commonwealth officials. In *Reiff v. Commonwealth,* 23 Pa. Commonwealth Ct. 537, 354 A.2d 918 (1976), we held that members of the Board were absolutely immune. The individual defendants thus invoke the traditional common law rules of official immunity. These rules were that high Commonwealth officials were absolutely immune from suit for conduct within the scope of their authority and that other Commonwealth officers and employees were liable only if their conduct was alleged and proved to be malicious, wanton or reckless. The Pennsylvania Supreme Court in *DuBree v. Commonwealth of Pennsylvania,* 481 Pa. 540, 393 A.2d 293 (1978), substituted for those rules the requirements that the extent of the immunity to be accorded public officials should be decided on a case by case basis by consideration of whether public policy would be promoted in shielding the defendant from liability; whether the defendant's actions complained of could be mea-

sured against a predictable standard of care; whether, but for the defendant's status, a right of action would lie under analogous rules of law; and whether the plaintiff has improperly failed to avail himself of other available remedies.

The common law principles of official immunity were of pure judicial origin. As such, just as sovereign immunity, they were subject to modification to meet changing times and conditions by the Pennsylvania Supreme Court. *Flagiello v. Pennsylvania Hospital*, 417 Pa. 486, 208 A.2d 193 (1965); *Commonwealth v. Ladd*, 402 Pa. 164, 166 A.2d 501 (1960). On the other hand, no court has the power to strike down a statute except for constitutional reasons, even where it believes the statute unwise or productive of socially undesirable results. *Commonwealth v. Moon*, 383 Pa. 18, 117 A.2d 96 (1955).

Act 152 was effective, as we have stated, on September 28, 1978. *DuBree* was decided October 5, 1978. No mention of Act 152 appears in the opinion of the Court in *DuBree* or in either of two dissenting opinions. However, the Commonwealth asked for reargument in *DuBree* relying, we understand, solely on Act 152. The application was denied on November 16, 1978. 481 Pa. at 640, 393 A.2d at 293.

We are convinced that Act 152 did not make the traditional court-made common law principles of official immunity the statutory law of the Commonwealth; and that it did not, therefore, remove the power of the Pennsylvania Supreme Court to supplant or modify them, as the Court did in *DuBree*. The principles of official immunity are not stated in Act 152. All that appears are expressions by the Legislature that it intends that its officials and employees should continue to enjoy official immunity (Section 1 of Act 152, adding 1 Pa. C.S. §2310); that "existing common law defenses are retained" (42 Pa. C.S. §5110(b)); and

I would, therefore, sustain the preliminary objections of the individual Board members and dismiss the action as to them.[1]

Judge WILKINSON, JR. joins in this concurring and dissenting opinion.

---

[1] Here the majority overrules the preliminary objections filed by the members of the Pennsylvania Board of Probation and Parole on the authority of *DuBree v. Commonwealth, supra, without applying* to the individual defendants in the *instant case* the *DuBree* tests that the extent of the immunity to be accorded public officials should be decided on a case-by-case basis by consideration of whether public policy would be promoted in shielding the defendant from liability; whether the defendant's actions complained of could be measured against a predictable standard of care; whether, but for the defendant's status, a right of action would lie under analogous rules of law; and whether the plaintiff has improperly failed to avail himself of other available remedies.

---

CONCURRING AND DISSENTING OPINION BY JUDGE DI-SALLE:

I concur in that part of the majority opinion overruling the preliminary objections of the individual defendants. For the reasons given in my dissenting opinion in *Brungard*, however, I must dissent from the majority's decision to sustain the preliminary objections of the Commonwealth of Pennsylvania and the Pennsylvania Board of Probation and Parole.

This action was filed on April 20, 1978. Consequently, it was pending at the time our Supreme Court and General Assembly were grappling with the problem of sovereign immunity. All plaintiffs who were diligently pursuing their claims during that time should be permitted to continue to do so. Consistent with the policy statements set forth in my *Brungard* dissent, I believe it is only fair and equitable to provide similar treatment for all similarly situated individuals by permitting all *pending* cases to proceed to trial. As indicated in that dissent, if sovereign im-

munity does not bar Mr. Mayle's claim, it should not bar Ms. Brungard's. It follows, then, that a plaintiff who timely filed a claim should likewise recover. Such an approach flows logically from the stated intention of the Legislature in Section 5(B) of Act 152 to allow for the development of a uniform body of law, and is in accord with the fundamental notions of justice, equality and reason that should motivate all judicial and legislative decision making.

I would overrule the preliminary objections of the Commonwealth and the Board.

---

DISSENTING OPINION BY JUDGE WILKINSON, JR.:

I join Judge MacPhail in his dissent. I would add that if the majority opinion prevails, then surely the legislature in passing Act 152 has done a vain thing. With all governmental officials liable for suit, certainly the Commonwealth will and most certainly should provide insurance to protect them. It must be obvious that it will cost exactly the same amount as if the Commonwealth were insured. While this may or may not be desirable I cannot bring myself to believe, as does the majority, that this is what the legislature intended.

---

CONCURRING AND DISSENTING OPINION BY JUDGE MacPHAIL:

I concur with the majority's decision to dismiss the complaint against the Commonwealth. I respectfully dissent, however, from that part of the majority's opinion which overrules the preliminary objections of the individual members of the Pennsylvania Board of Probation and Parole (Board).

The crucial question which must be answered is whether the Act of September 28, 1978, P.L. 788, Act No. 152 (Act 152) or our Supreme Court's decision in DuBree v. Commonwealth, 481 Pa. 540, 393 A.2d

293 (1978) represents the controlling law of the Commonwealth on the question of official immunity. It is clear to me that Act 152 is controlling.

The majority states:

All that appears [in Act 152] are [1] expressions by the Legislature that it intends that its officials and employees should continue to enjoy official immunity (Section 1 of Act 152, adding 1 Pa. C.S. §2310); [2] that 'existing common law defenses are retained' (42 Pa. C.S. §5110(b)); and [3] that Commonwealth officials 'may assert . . . defenses which have heretofore been available to such officials' (42 Pa. C.S. §5110(b)(1)).

The majority interprets this language as merely retaining common law rules of official immunity. I would interpret Act 152 as *codifying* the common law rules concerning official immunity and making them a part of the statutory law of the Commonwealth.

It is true that our Supreme Court's decision in *DuBree, supra,* was announced one week subsequent to the effective date of Act 152, and that it made no mention of the Act. The majority opinion notes that it was represented to us in oral argument (but such fact does not appear as a part of the record) that the Supreme Court refused to hear reargument in *DuBree* even though the Commonwealth's petition for reargument rested solely on Act 152. I do not infer from the proceedings in *DuBree* any determination by the Supreme Court relating to the validity of Act 152. The Court simply did not address the issue either in the opinion or in the denial of the reargument petition.

Prior to today, then, no court has ruled on the validity of Act 152. We have held Act 152 to be constitutional as it relates to the Commonwealth's sovereign immunity defense. *Brungard v. Hartman,* 46

Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979). I would also hold Act 152 to be constitutional and controlling as it relates to the official immunity defense accorded Commonwealth officials and employees acting within the scope of their duties. Prior to the enactment of Act 152 individual members of the Board were entitled to absolute immunity. The legislature codified that immunity in Act 152. Therefore, I would sustain the preliminary objections of the individual defendants and dismiss the complaint against them.

Judge WILKINSON, JR. joins.

---

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I concur in the majority opinion with respect to the complaint against the members of the Pennsylvania Board of Probation and Parole.

I respectfully dissent from the majority opinion in sustaining the preliminary objections of the Commonwealth and the Pennsylvania Board of Probation and Parole for the reasons set forth in my Concurring and Dissenting Opinion filed today in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).