Mary Patricia Kemery, Administratrix of the Estate of Barry R. Kemery, Deceased, Plaintiff *v.* Commonwealth of Pennsylvania, Pennsylvania Fish Commission et al., Defendants.

Argued March 21, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*Thomas J. Corrigan, Jr.,* for plaintiff.

*Barbara A. Brown,* Assistant Attorney General, with her *John L. Sweezy,* Chief Attorney of Unit, *Theodore A. Adler,* Chief Counsel, Department of General Services, and *Edward G. Biester, Jr.,* Attorney General, *Alan Dion, Jan E. DuBois, William F. Sullivan, Jr.,* and *Post & Schell,* P.A., for defendants.

OPINION BY JUDGE WILKINSON, JR., September 17, 1979:

This is an action in trespass brought against the Commonwealth of Pennsylvania (Commonwealth), the Pennsylvania Fish Commission (Commission), William Fink (a servant, agent or employee of the Commission), Lower Bucks Hospital and three licensed physicians, Cappiello, Tucker and Chamberlain. The fundamental facts, as alleged in the complaint, are that plaintiff's decedent was shot and wounded by defendant Fink on July 23, 1977, acting within the scope of his authority but in either a willful, negligent, or grossly negligent manner. Plaintiff's decedent was taken to defendant Lower Bucks Hospital for treatment which he received in either a negligent or grossly negligent manner from the three named licensed physicians. He died at the hospital.

Preliminary objections have been filed on behalf of the Commonwealth, the Commission, the Commission's employee Fink, the Lower Bucks Hospital, and the three licensed physicians.

We must sustain the preliminary objections filed by the Commonwealth and by the Commission and dis-

miss the complaint as to them for the reasons set forth in our opinion filed in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).

There has been no assertion, nor could there be, that this cause of action falls within any of the eight exceptions to the sovereign immunity defense provided by 42 Pa. C.S. §5110.

We must sustain the preliminary objections filed on behalf of the Lower Bucks Hospital and the three licensed physicians because the action against them is within the jurisdiction of an arbitration panel established under the provisions of the Health Care Services Malpractice Act, Act of October 15, 1975, P.L. 390, *as amended,* 40 P.S. §1301.101 et seq. This Act provides in Section 309, 40 P.S. §1301.309 as follows: "The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. . . ." Accordingly, the complaint as to these defendant health care providers will be transferred to the office of Administrator for Arbitration Panel for Health Care.[1]

There remains the claim against William Fink, an employee of the Commission, referred to in the brief of plaintiff as a deputy fish warden and in the brief of the Attorney General as a Special Waterways Patrolman. Controlled by our decisions in *Brungard, supra,* and *Estate of Armstrong v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979) we must transfer the complaint with regard to this claim to the Court of Common Pleas of Bucks County.

---

[1] The Attorney General's brief states that this same complaint has been filed in the office of Administrator for Arbitration Panels for Health Care. We are not informed as to its current status here.

Accordingly, we will enter the following

ORDER

AND NOW, September 17, 1979, the preliminary objections of the Commonwealth of Pennsylvania and the Pennsylvania Fish Commission are sustained and the complaint against them is dismissed.

With respect to the complaint against William Fink, the record is transferred to the Court of Common Pleas of Bucks County for the disposition of his preliminary objections to the complaint and such further proceedings, if any, as are then indicated.

With respect to plaintiff's claim against Lower Bucks Hospital and defendants Cappiello, Tucker, and Chamberlain, the complaint is transferred to the office of Administrator for Arbitration Panels for Health Care.

---

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I dissent from that portion of the majority opinion which sustains the preliminary objections of the Commonwealth and the Commission for those reasons stated in my Concurring and Dissenting Opinion filed in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979). I concur in all other respects.

---

CONCURRING AND DISSENTING OPINION BY JUDGE DISALLE:

I concur in that part of the majority opinion which transfers to the Court of Common Pleas of Bucks County the complaint against William Fink, and that part of the majority opinion which transfers to the Administrator for Arbitration Panels for Health Care the plaintiff's claim against Lower Bucks Hospital and defendants Cappiello, Tucker, and Chamberlain.

I respectfully dissent to that part of the majority opinion which sustains the preliminary objections of the Commonwealth of Pennsylvania and the Pennsylvania Fish Commission for the reasons set forth in my concurring and dissenting opinion in *Estate of Armstrong v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979).