Laurence Stuebig, a/k/a Lawrence Stuebig, by his Guardian, Maria Carole Heckmann, Plaintiff *v.* Robert J. Hammel et al., Defendants.

Argued March 21, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and Mac-Phail.

*G. Taylor Tunstall, Jr.,* for plaintiff.

*Joseph L. McCann,* Deputy Attorney General, with him *Joseph Kenneth Hegedus,* Deputy Attorney General, *David Max Baer,* Deputy Attorney General, *Norman J. Watkins,* Deputy Attorney General, Chief, Civil Litigation, and *Edward G. Biester, Jr.,* Attorney General, for defendants.

Opinion by Judge DiSalle, September 25, 1979:

On December 13, 1976, Laurence Stuebig filed a complaint against five named defendants and other unnamed "John Doe" defendants, present or former officials and employes of the Commonwealth of Penn-

sylvania, alleging that they deprived him of certain federal constitutional rights and engaged in other tortious conduct which injured him. The defendants filed preliminary objections raising the doctrine of official immunity, a motion to strike and a motion for more specific pleading. Stuebig "answered" defendants' preliminary objections by filing a motion to strike. Defendants responded with a motion to quash Stuebig's motion. Stuebig then filed a motion to transfer the action from our Court to the Court of Common Pleas of Wayne County and simultaneously petitioned our Court to grant him leave to amend his complaint to add Farview State Hospital as a defendant. Defendants responded with a motion to quash Stuebig's motion and a brief wherein both the issues of Stuebig's motion and his petition to amend were addressed. Presently before our Court is the disposition of these matters in light of *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), Section 5110 of the Judicial Code, 42 Pa. C.S. §5110, and *Dubree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978).

Stuebig was arrested in Philadelphia County in January of 1941 and charged with burglary. Subsequently, on February 6, 1941, he was adjudged insane and ordered committed to Farview State Hospital. Stuebig remained there until December 15, 1975. On December 17, 1975, the burglary charge was dismissed and Stuebig was committed to the Philadelphia State Hospital. In filing this present action, Stuebig generally contends that his confinement was improper since he was never actually insane and, that while confined, he received improper and/or inadequate treatment.

Turning to the defendants' preliminary objection raising the defense of official immunity, we believe the resolution of this question is controlled by our

decisions in *Brungard v. Hartman*, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979) and *Estate of Tanya Carlisa Armstrong v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979).

Therefore, we must overrule the defendants' preliminary objection raising this issue and will transfer the matter to the Court of Common Pleas of Wayne County for disposition of the remaining objections, motions and petitions.

ORDER

AND Now, this 25th day of September, 1979, the preliminary objection of the defendants raising the defense of official immunity is overruled without prejudice to their right by answer and new matter filed to raise official immunity as an affirmative defense. The above-captioned matter is hereby transferred to the Court of Common Pleas of Wayne County for further action consistent with this opinion.