Pechner, Dorfman, Wolffe, Rounick & Cabot, Petitioners *v.* Insurance Department ex rel. William J. Sheppard, Insurance Commissioner et al., Respondents.

Argued June 6, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle. Reargued March 22, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Judith B. Reap,* with her *Leonard Schaeffer,* and *Pechner, Dorfman, Wolffe & Rounick,* for petitioners.

*Robert J. Demer* and *Bruce A. Krain,* Deputy Attorney General, with them *Thomas R. Balaban, William R. Balaban, Shaffer, Calkins & Balaban, Norman J. Watkins,* Deputy Attorney General, *Donald J. Murphy,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

MEMORANDUM OPINION BY PRESIDENT JUDGE BOWMAN, October 26, 1979:

In this cause of action petitioner law firm avers that it is counsel in the class action suit of *Nagle v. Pennsylvania Insurance Department,* No. 972 C.D. 1977, and here seeks an accounting of certain funds distributed "in accordance with the advice of counsel for the Rating Bureau of November 8, 1977" and for an order of this Court awarding petitioner 33 1/3% of the sum realized upon such accounting as reasonable attorneys fees in an asserted class action suit.

On even date herewith we are handing down our opinion and order in *Nagle.* As it pertains to a class action asserted against all the respondents therein and our disposition thereof, we incorporate that opinion and order into this opinion and order, and we sustain in this case the preliminary objections filed by respondent Commonwealth and its agencies.

Although not stated in separate counts, this petition for review appears to be one asserting a cause of

action in the nature of a complaint in equity for an accounting and in the nature of an independent suit for recovery of counsel fees in a class action suit. Left unsaid is whether said counsel fees are sought under statutory law providing therefor under the facts pleaded, or sought under case law precepts. In any event we are aware of no authority for a law firm to independently seek an accounting of money for the sole purpose of creating a fund where the class action itself, out of which a right to such attorneys fees arises, has not been certified as a class action, and favorably concluded to the benefit of the certified class. For the reasons also expressed in *Nagle* as to our jurisdiction over the named Commonwealth and Commonwealth agency respondents but want of jurisdiction over the other named respondents, we only pass upon the preliminary objection of these particular respondents.

Judge MacPhail concurs in the result only.

### Order

Now, October 26, 1979, the preliminary objections of the Pennsylvania Department of Insurance, the Pennsylvania Workmen's Compensation Insurance Board and Fund are hereby sustained and the petition for review is dismissed as to said respondents.

As to the remaining respondents, these proceedings are hereby transferred to the Court of Common Pleas of Philadelphia County for further proceedings including disposition of outstanding preliminary objections of the remaining respondents.

CONCURRING AND DISSENTING OPINION BY JUDGE DISALLE:

I dissent from that part of the majority's decision sustaining, on grounds of sovereign immunity, the preliminary objections of the Pennsylvania Department

of Insurance, the State Workmen's Insurance Board, and the State Workmen's Insurance Fund (all Commonwealth agencies) for the reasons set forth in my concurring and dissenting opinion in *Estate of Armstrong v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979). I concur in the majority decision in all other respects.