The Consolidated Rail Corporation *v.* The Ingersoll-Rand Corporation and Pennsylvania Department of Transportation and Walter Fatzinger.
The Ingersoll-Rand Corporation, Appellant.

Argued September 29, 1978, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three. Reargued March 22, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Joseph Hurley,* with him, *Robert H. Holland,* and *Kolb, Holland and Taylor,* for appellant.

*Norman J. Watkins,* Deputy Attorney General, and *Lance H. Lilien,* Deputy Attorney General, with them, *Barbara A. Brown,* Assistant Attorney General, *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellees.

OPINION BY JUDGE MENCER, November 14, 1979:

On or before November 12, 1975, the Ingersoll-Rand Corporation (Rand) secured a special hauling permit from the Pennsylvania Department of Transportation (PennDOT) through Walter Fatzinger, a clerk and employee of PennDOT. The permit was to allow Rand to transport an oversize load on an approved route within the Commonwealth. Rand informed PennDOT through Fatzinger that to transport the oversize load it would use a trailer with an overall height of 15 feet and 4 inches.

On November 15, 1975, Rand's tractor-trailer proceeded along the route approved and, when attempting to pass under a bridge with a clearance of 14 feet and 7 inches, damage was caused to the bridge, to the tractor-trailer, and to its cargo, due to the fact that the tractor-trailer's height was in excess of the bridge clearance.

The Consolidated Rail Corporation (Consolidated) filed an action in trespass against Rand which thereafter filed complaints joining PennDOT and Fatzinger as additional defendants. PennDOT and Fatzinger filed preliminary objections in the nature of a demurrer, and the Court of Common Pleas of Northampton County sustained these preliminary objections and struck the complaints as to these additional defendants. Rand timely filed an appeal from this order to this Court.

Rand advances the following questions for our consideration:

1. Whether the Act of September 28, 1978, P.L. 788 (Act 152)], as it pertains to the sovereign immunity of the Commonwealth, may be retroactively applied when the same would result in the impairment of vested rights?

2. Whether Act 152 properly may grant blanket sovereign immunity to the Commonwealth except where the Commonwealth specifically waives the same?

3. Whether Act 152 properly may grant immunity to officials and employees of the Commonwealth?

4. Whether Act 152, as it pertains to immunity of employees of the Commonwealth, may be retroactively applied when the same would result in impairment of vested rights?

5. Whether the Supreme Court in DuBree v. Commonwealth, 481 Pa. 540, 393 A.2d 293 (1978), effectively invalidated Act 152 as it pertains to the immunity of officials and employees of the Commonwealth?

6. Whether the infirmities contained within Act 152 require this Honorable Court to declare the Act invalid in toto?

7. Whether, assuming arguendo, that the applicable provisions of Act 152 are constitutional, Appellant has complied with the notice provisions contained therein?

8. Whether, assuming arguendo, that the applicable provisions of Act 152 are constitutional, the Commonwealth has waived immunity of its agency and employee in that Appellant's causes of action fall within exceptions to suit?

Questions 1, 2, 3, and 4 must be answered in the affirmative and question 6 in the negative for the reasons set forth in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979), and

further discussion of those questions is unnecessary here.

Question 5 must be answered in the affirmative, based upon our decision in *Estate of Armstrong v. Pennsylvania Board of Probation & Parole*, 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979).

We conclude that question 7 must be answered in the affirmative. The Judicial Code, 42 Pa. C.S. §5522, added by Section 2 of Act 152, provides that notice of a cause of action against the Commonwealth must be given within 6 months from the date of injury or from when the cause of action occurred. In the instant case, the 6-month-notice requirement could not have been complied with since Act 152 was not in effect even at the time the joinder complaints were filed.

Further, Section 5(c) of Act 152 provides, in pertinent part, as follows:

> In the case of actions filed prior to the effective date of this act . . ., the parties to the suit . . . shall have 60 days from the effective date of this act to . . . amend pleadings to conform to the requirements of this act, and otherwise comply with the requirements contained in this act.

Since the instant case was filed prior to the effective date of the Act, Rand had 60 days to comply with the act's requirements. There is no dispute that notice, in fact, was given both to PennDOT and the Attorney General, as required by this act, on October 30, 1978. This clearly was within the 60-day period, and Rand is in compliance, as to PennDOT, with the notice requirements of Act 152.

With respect to Fatzinger, we deem that he also had timely and adequate notice. This is so even though an amended complaint which was filed on September 21, 1977, was necessary. The original complaint joining Fatzinger was filed on July 1, 1977, and

it essentially contained the same factual basis for joining Fatzinger as did the amended complaint subsequently filed. Moreover, the amended complaint joining Fatzinger was filed by agreement of all counsel.

Lastly, as to question 8, we conclude that Rand's cause of action does not fall into any of the eight categories of claims as to which waiver of sovereign immunity is provided for by the provisions of Act 152. 42 Pa. C.S. §5110(a)(1) is not applicable since the damages here were not caused by the operation of any Commonwealth owned or operated vehicle. 42 Pa. C.S. §5110(a)(4) is not applicable since it was not the dangerous condition of a Commonwealth highway that caused the damages for which recovery is sought in this suit. Rather, the damages were the result of approval of a route for the movement of a tractor-trailer where a bridge crossed the route at a height less than the height of the oversize load being transported.

Order affirmed in part, vacated in part, and case remanded to the Court of Common Pleas of Northampton County for reconsideration of the preliminary objections filed by Walter Fatzinger to the complaint of Ingersoll-Rand Corporation, in the light of the principles enunciated in *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978).

ORDER

AND Now, this 14th day of November, 1979, that portion of the order of the Court of Common Pleas of Northampton County sustaining the preliminary objections filed by the Pennsylvania Department of Transportation and striking the complaint filed by Ingersoll-Rand Corporation against the Pennsylvania Department of Transportation is affirmed. That portion of the order of the Court of Common Pleas of

Northampton County sustaining the preliminary objections filed by Walter Fatzinger and striking the complaint filed by Ingersoll-Rand Corporation against Walter Fatzinger is vacated, and we remand to that Court for reconsideration of the preliminary objections filed by Walter Fatzinger to the complaint of Ingersoll-Rand Corporation, in the light of the principles enunciated in *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978).

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I concur in that part of the majority opinion which remands to the Court of Common Pleas of Northampton County the complaint of Ingersoll-Rand Corporation as against Walter Fatzinger.

I respectfully dissent to that part of the majority opinion which sustains the preliminary objections of the Pennsylvania Department of Transportation for the reasons set forth in my Concurring and Dissenting Opinion in *Estate of Armstrong v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979).

CONCURRING AND DISSENTING OPINION BY JUDGE WILKINSON, JR.:

I would affirm the decision of the Court of Common Pleas of Northampton County.

CONCURRING AND DISSENTING OPINION BY JUDGE DISALLE:

I concur in that part of the majority opinion which remands to the Court of Common Pleas of Northampton County the complaint of Ingersoll-Rand Corporation as against Walter Fatzinger.

I respectfully dissent to that part of the majority opinion which sustains the preliminary objections of

the Pennsylvania Department of Transportation for the reasons set forth in my concurring and dissenting opinion in *Estate of Armstrong v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979).

CONCURRING AND DISSENTING OPINION BY JUDGE MACPHAIL:

I concur with the majority's opinion in every respect except that portion thereof which directs the trial court to reconsider the preliminary objections of Walter Fatzinger in light of the principles enunciated in *DuBree v. Commonwealth,* 481 Pa. 540, 393 A.2d 293 (1978). Rather, I would direct the Court of Common Pleas of Northampton County to apply the Act of September 28, 1978, P.L. 788, (Act 152), 1 Pa. C.S. §2310 and The Judicial Code, 42 Pa. C.S. §5110, in disposing of those preliminary objections. See my concurring and dissenting opinion in *Estate of Armstrong v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 33, 450 A.2d 1099 (1979).