Nancy F. Gregory, Executrix of the Estate of Howard C. Gregory, Deceased, and Nancy F. Gregory, in her own right, Petitioner v. Dr. Emil Martyak, Marie R. Kapish and Dr. John P. Slovak, Respondents.

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Edward F. Silva,* with him *Jack E. Feinberg,* for appellant.

*Barbara A. Brown,* Assistant Attorney General, with her *Peter J. Curry,* Assistant Attorney General, *John L. Sweezy,* Chief Attorney of Unit, *Theodore A. Adler,* Chief Counsel, and *Gerald Gornish,* Acting Attorney General, for appellees.

OPINION BY JUDGE MACPHAIL, November 16, 1979:
Nancy F. Gregory (Petitioner) appeals to this Court from a decision of the Administrator for Arbitration Panels for Health Care (Administrator) sustaining the preliminary objection in the form of a demurrer of Marie R. Kapish (Respondent) and dismissing those portions of Petitioner's complaint which alleged a cause of action against Respondent.[1] The only issue Petitioner raises is whether it was error for the Administrator to conclude that Respon-

---

[1] No issues concerning the portions of Petitioner's complaint relating to Dr. Emil Martyak or Dr. John P. Slovak are before us at this time.

344

dent was entitled to official immunity from liability.[2] For the reasons which follow, we reverse the Administrator's decision and remand this case for proceedings not inconsistent with this opinion.

On November 10, 1976, Howard C. Gregory (Decedent) was working on a pig farm in Weatherly, Pennsylvania when a crate slipped onto his hand crushing and cutting his right index finger. Decedent was taken to Hazleton General Hospital where he received emergency treatment from Dr. Emil Martyak and Respondent. As part of the treatment, Respondent, under the direction of Dr. Martyak, administered to Decedent a tetanus booster injection. Decedent then came under the care of his family physician, Dr. John P. Slovak. On November 17, 1976, Decedent was admitted to Hazleton General Hospital suffering from tetanus. He died two days later while enroute to Hahnemann Hospital.

Petitioner filed a complaint pursuant to the Probate, Estates and Fiduciaries Code, Act of June 30, 1972, P.L. 508, *as amended,* 20 Pa. C.S.A. §3371 *et seq.* and the Act of April 26, 1855, P.L. 309, *as amended,* 12 P.S. §1602 *et seq.,*[3] against Respondent, Dr. Martyak, and Dr. Slovak with the Administrator. Respon-

[2] As a Commonwealth employee but not a high public official, Petitioner traditionally would have been entitled to claim conditional or limited rather than absolute immunity. Recent cases, most notably *DuBree v. Commonwealth,* 481 Pa. 540, 393 A.2d 293 (1978) and *Estate of Armstrong v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979) have not distinguished between absolute and conditional immunity. Therefore, we will adopt Petitioner's characterization of this issue as one of official immunity despite the fact that she is not a high official.

[3] Repealed by Section 2(a) [310] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [310]. Similar provisions may now be found in the Judicial Code at 42 Pa. C.S. §§1722(a)(1), 5524(2), and 8301.

dent demurred to the complaint stating that no cause of action would lie against her because she was a Commonwealth employee acting within the scope of her employment. In considering the demurrer, the Administrator found that Respondent was a registered nurse employed by the Commonwealth ("a 'low employee' of the government as opposed to a 'high public official' ") and that she was entitled to conditional immunity from tort liability for ordinary negligence when acting within the scope of her employment. He also found that Petitioner failed to allege that Respondent had acted intentionally, maliciously, wantonly, or recklessly. The Administrator therefore sustained Respondent's demurrer.

Since the time that this cause of action arose, the law of the Commonwealth as it relates to sovereign and official immunity has undergone extensive scrutiny and revision. On July 14, 1978, our Supreme Court abrogated the doctrine of sovereign immunity. *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978). September 28, 1978, was the effective date of P.L. 788, Act No. 152 which reinstated, retroactively, the doctrine of sovereign immunity, with eight enumerated exceptions, and left intact "existing common law defenses" relating to official immunity. One week later, on October 5, 1978, the Pennsylvania Supreme Court, while refusing to abrogate the doctrine of official immunity, did establish certain criteria to be met before official immunity would be afforded to Commonwealth officials. *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978). On September 14, 1979, this Court held that Act No. 152 was constitutional and controlling as it related to sovereign immunity. *Brungard v. Hartman*, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979). In another case decided the same day, *Estate of Armstrong v. Pennsylvania Board of Proba-*

*tion and Parole,* 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979), the Court held that *DuBree v. Commonwealth* is controlling on the issue of official immunity.

The test of official immunity as set forth in *DuBree v. Commonwealth,* therefore, must be applied in determining whether Respondent is subject to suit on the facts of this case.[4] We believe, however, that the test would better be applied here by the Administrator than by this Court. Section 307(c) of the Health Care Services Malpractice Act, Act of October 15, 1975, P.L. 390, *as amended,* 40 P.S. §1301.307 (c) provides that "Prior to appointment of an arbitration panel chairman, the administrator is authorized and empowered to rule on all preliminary motions." The Administrator did rule on Respondent's preliminary motions here and his decision is the order now on appeal. Normally, we would review the law as it applies to the facts of the case before us and determine whether or not the Administrator was correct in his ruling. In a case such as this, however, where the law underwent drastic revision subsequent to the Administrator's order and prior to our considering the case on appeal, we believe it the better practice to remand the case to allow the Administrator to reconsider Respondent's preliminary objection in the form of a demurrer in light of the applicable law as set forth in *DuBree v. Commonwealth.*

Order reversed and case remanded to the Administrator of Arbitration Panels for Health Care for proceedings not inconsistent with this opinion.

---

[4] Although the author of this opinion dissented from the Court's holding in *Estate of Armstrong v. Pennsylvania Board of Probation and Parole* that *DuBree v. Commonwealth* rather than Act 152 is controlling on the issue of official immunity, he is bound in this case to apply the law as enunciated by the majority in *Estate of Armstrong.*

## ORDER

AND Now, this 16th day of November, 1979, the Order of the Administrator of Arbitration Panels for Health Care in Case No. M77-0180 is reversed and this case is remanded to the Administrator for proceedings not inconsistent with this opinion.