## Passetti v. Singer

*Blythe H. Evans, Jr.,* for plaintiffs.
*James P. Harris, Jr.,* for defendants.

DALESSANDRO, *J.,* December 22, 1980—This matter is before the court on defendants' preliminary objection to the complaint in the nature of a demurrer.

## HISTORY AND FACTS

Plaintiffs, Everest and Arline Passetti, commenced this action by writ of summons in trespass on December 11, 1979. The writ was served on defendant John Singer on January 7, 1980, on defendant Commonwealth of Pennsylvania, Department of Transportation on the same date, and on the Attorney General, also on January 7. On August 8, 1980 plaintiffs filed their complaint which alleges claims arising from a collision involving plaintiffs' automobile and a PennDOT truck driven by defendant Singer which was being used for snow removal.

Defendants filed a demurrer to the complaint on September 23, 1980, asserting as the sole ground in support thereof plaintiffs' failure to aver that notice of injury was given to the Commonwealth pursuant to 42 Pa.C.S.A. § 5522. In their answer to the preliminary objection, plaintiffs state that defendants are barred from raising this issue because they previously agreed to file an answer to the complaint and in effect waived their right to file preliminary objections. The parties have briefed their respective positions, and the matter is now ripe for decision.

## DISCUSSION AND LAW

Turning first to plaintiffs' argument that defend-

ants have waived their right to preliminarily object to the complaint, we note that this contention is based solely on the contents of a letter, a copy of which is attached to plaintiffs' brief, from Herbert L. Olivieri, Chief, Torts Litigation Unit, Pennsylvania Department of Justice, to plaintiffs' counsel. In the letter, dated August 19, 1980, Mr. Olivieri requests an extension of time in which to file an answer. Plaintiffs assert that an extension was agreed to with the understanding on their part that an answer, not preliminary objections, would be filed.

The record does not permit us to consider plaintiffs' contention. Their answer to defendants' preliminary objection is unverified, and there are no facts of record which indicate the details of the agreement with Mr. Olivieri and the understandings of the parties. It should not be inferred that we question the factual basis of plaintiffs' claim with respect to the agreement. Rather, we hold simply that the record is inadequate\ and we are unable to consider this issue on the merits. In any event, our ruling on defendants' demurrer renders plaintiffs' claim moot.

The limited nature of the issue raised by the demurrer must be addressed at the outset. As provided in 42 Pa.C.S.A. §5522, a prerequisite to bringing an action against a government unit for damages on account of injury to person or property is the filing of a statement with the government unit, within six months of the injury, describing the factual details of the claim. The statute goes on to state:

"If the statement provided for by this subsection is not filed, any civil action or proceeding com-

menced against the government unit more than six months after the date of injury shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse compliance with this requirement upon a showing of reasonable excuse for failure to file such statement." ·

Defendants assert *not* that the required statement was not filed but that plaintiffs failed to aver that notice was given. They argue that filing the notice is a condition precedent to bringing suit and must therefore be pleaded in the complaint by virtue of Pa.R.C.P. 1019(c). We disagree.

Our examination of the statute leads us to the conclusion that the failure to give notice of injury is a matter for the government unit to raise, not for a plaintiff to demonstrate affirmatively in his complaint. Nothing in the statute indicates that notice cannot be waived by the government unit. Moreover, a court may excuse compliance for cause shown. To require that the giving of notice or the reasons for not doing so be pleaded in the complaint would be contrary to the general rule that a complaint need not anticipate defenses. We decline to adopt the rule which defendants here urge upon us.

Due to the narrowness of the issue before us, we are not required to consider whether plaintiffs complied with section 5522 of the Judicial Code. In that regard see Consolidated Rail v. Ingersoll-Rand Corp., 47 Pa. Commonwealth Ct. 304, 408 A. 2d 183 (1979). Nor does our holding prohibit the defendants from raising that issue at a subsequent stage of these proceedings.

## ORDER

It is hereby ordered that defendants' preliminary objection in the nature of a demurrer is overruled and dismissed.