## Nichols v. Hatch

*Milton Rosenberg,* for plaintiffs.

*John C. Pettit,* for defendant Hatch.

*Richard M. Rosenthal,* for defendant Commonwealth of Pennsylvania, Department of Transportation

*Louis Anstandig,* for defendant Schweinebraten Bus Co.

*Stewart M. Flam,* for defendant Chartiers Township.

*Edwin P. Brown, Jr.,* for defendant Chartiers-Houston School District.

RODGERS, *J.,* February 22, 1984—This matter is before the court on motions for summary judgment filed by defendants, the Chartiers-Houston School District, Chartiers Township, and the Commonwealth of Pennsylvania, Department of Transportation.

In December 1982, our colleague, President Judge Gladden, denied the motion for summary judgment filed by defendant, Schweinebraten Bus Company, as "the allegations in plaintiffs' complaint regarding the duty of the school bus company to participate with the school district in the determination of safe routes raises a genuine issue of material fact which should be addressed at time of trial."

For reasons hereinafter stated, the motions of the Chartiers-Houston School District and the Commonwealth of Pennsylvania, Department of Transportation for summary judgment are refused, but the motion of Chartiers Township is granted.

The allegations of negligence against the school district are that it established an unsafe bus route that required the minor plaintiff to cross Pennsylvania Route 18; that it failed to establish a safe place

for pickup, transportation and delivery of the children to schools within its district; and it failed to act upon notice of residents living along Pennsylvania Route 18 of the potential dangers of the school bus route established.

The school district claims immunity because it does not fall within any of the exceptions found in Section 8542 of the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8542(b).

Section 8542(b)(1) says this:

"The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(1) Vehicle liability — The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air."

Even though the school buses are owned and operated by an employee of defendant, Schweinebraten, under contract with defendant school district, the school district has the right and has assumed the duty of designating the points where the school bus should stop in order to load students.

Plaintiff alleges that defendant school district directed Schweinebraten to stop on only one side of Route 18 requiring minor plaintiff to cross a dangerous highway. Taking these allegations at face value, as we must, on a motion for summary judgment, the school district directed where the school bus should or should not stop. The statute imposes liability where the school district possesses or *controls* the operation of a motor vehicle.

See Nolfi v. Moon Township School District, C.P. Allegheny Co., G.D. 80-04090.

Reliance by the school district on the case of Consolidated Rail Corporation v. Ingersol-Rand Corpo-

ration, 47 Pa. Commw. 304, 408 A.2d 183 (1979), is misplaced. The statute there involved, 42 Pa.C.S. §5110(a)(1), imposed liability for "damages caused by the *operation* of any motor vehicle". In the Consolidated Rail case, supra, the Commonwealth Court held "the damages here were not caused by the *operation* of any Commonwealth *owned or operated* vehicle" (Emphasis supplied). The statute in this case may impose liability where the vehicle is either municipally operated, or controlled.

The allegations of negligence against defendant, the Commonwealth of Pennsylvania, Department of Transportation, are it failed to properly mark Pennsylvania Route 18 with proper signs as to the speed limit, hidden driveways, and school bus stops; in permitting an excessive speed limit in a dangerous area; in failing to act upon notice of residents living along Pennsylvania Route 18 of the dangers of the established bus route; and in permitting the location of the bus stop on Pennsylvania Route 18, and failing to correct the defects of posting, marking and maintaining Pennsylvania Route 18.

The Commonwealth also claims that it does not fall within any of the exceptions to sovereign immunity as specified by statute, 42 Pa.C.S.A. §8522.

Section 8522(b)(4) says this:

"The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defenses of sovereign immunity shall not be raised to claims for damages caused by:

(4) Commonwealth real estate, highways and sidewalks. — A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and

highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5)."

In Mistecka et vir v. Commonwealth, 46 Pa. Commw. 267, 408 A.2d 159 (1979), plaintiff, while a passenger in a car traveling on State Route 1, was struck and injured by a large rock thrown by an unknown assailant from a bridge which crossed over the highway. The complaint alleged negligence asserting that, despite notice, "the Commonwealth had failed to erect appropriate barriers or screens to protect the traveling public on Route 1, failed to warn the traveling public on Route 1 of the danger, failed to investigate, police and prevent such incidents and otherwise failed to take adequate precautions to protect the motoring public on Route 1 from the danger of rock throwing". The relevant sovereign immunity exception at that time, 42 Pa. C.S. §5110(a)(4), is essentially identical to Section 8522(b)(4). The court posed a question:

"Where there are averments of a continuing history of unknown assailants throwing rocks from a local highway bridge overpass down upon a state highway beneath, so as to injure travelers on the state highway, does that situation constitute a 'dangerous condition' of a highway under the jurisdiction of the Commonwealth?"

While admitting that "the danger does not arise from something resting within the right-of-way of the state highway, but rather involves the intervention of third parties, unconnected with the Commonwealth", they concluded that, as a matter of law, "such a situation is a 'condition' within the terms of subsection (a)(4). Among the ordinary meanings of the word 'condition' is reference to 'a state of affairs that hampers or impedes or requires correction'. Webster's New Collegiate Dictionary

235 (1977). Most importantly, it is clear that the circumstances here give rise to a condition which is related to travel on the highway and is conceivably correctable".

This court finds that plaintiffs have sufficiently alleged a dangerous condition of a highway under the jurisdiction of the Pennsylvania Department of Transportation, and hence Commonwealth's motion for summary judgment must be denied.

The allegations of negligence against defendant, Chartiers Township, are substantially the same as those alleged against the Commonwealth of Pennsylvania. The claim is made that the township falls within the exception in 42 Pa.C.S. §8542(b)(4):

"Trees, traffic controls and street lighting. — A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably forseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

The Commonwealth has pointed out in its brief that regulations of the Department of Transportation, 67 Pa. Code §211.6(b)(3) provide that any municipality may install and operate official control devices on State-designated highways without approval of the Department, including school crossing signs. And, further, with approval of the Department, the township may install entrance and crossing signs, and school signs.

However, the appellate courts have repeatedly held that the Commonwealth has exclusive respon-

sibility for repair and maintenance of state roads, and that a municipality cannot be held liable for failure to maintain such roads or for failure to notify the Commonwealth of defects or hazardous conditions on such highways, or to post signs, or otherwise control the flow of traffic. Dietterle v. Harding, 279 Pa. Super. 530, 421 A.2d 326 (1980); Swank v. Bensalem Township, 68 Pa. Commw. 520, 449 A.2d 837 (1982); Rinaldi v. Giblin, 70 Pa. Commw. 253, 452, A.2d 1126 (1982); Calvanese v. Lesit, 70 Pa. Commw. 251, 452 A.2d 1125 (1982); Medina v. Township of Falls, 71 Pa. Commw. 295, 454 A.2d 674 (1983).

Simply because the Commonwealth may permit, or allow, the township to erect traffic signs or other traffic controls on state-designated highways imposes no duty on the township to undertake such measures.

"Duty is a question of whether a defendant is under any obligation for the benefit of the particular plaintiffs, and in negligence cases, the duty is always the same, to conform to the legal standards of reasonable conduct in the light of the apparent risk". W. Prosser, Law of Torts, 324 (4th Ed. 1971).

Accordingly, the motion of the Chartiers Township for summary judgment must be granted.

## ORDER OF THE COURT

And now, this February 22, 1984, the motions for summary judgment requested by the Chartiers-Houston School District and the Commonwealth of Pennsylvania, Department of Transportation, are denied.

The motion of Chartiers Township for summary judgment is granted.