**CAMILLE MACEDON, JR. and LEONA MACEDON,**
**Plaintiffs**

**v.**

**CAMILLE MACEDON, SR. and ERIKA MACEDON,**
**Defendants**

Civil No. 576/82

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

July 7, 1983

GERALD T. GRONER, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

CHARLES R. HUSBANDS, ESQ., Frederiksted, St. Croix, V.I., *for defendants*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This is an action for equitable relief and restitution. The matter is now before the Court upon defendant's motion for summary judg-

ment[1] pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set out below, we deny the motion.

## II. FACTS

Plaintiffs, Camille Macedon, Jr. ("Macedon, Jr.") and his wife Leona Macedon, purchased certain real property on St. Croix, known as Plot 12BD Estate Calquohoun, in 1965. The Virgin Islands National Bank held a note and first priority mortgage on the premises as collateral for a loan to plaintiffs. Macedon, Jr., defaulted on the note, whereupon the bank foreclosed and acquired title to the property by virtue of a Marshal's sale. Def. Exhibit I.

The bank refused to refinance a loan for the redemption of the property for plaintiffs. In an effort to circumvent this problem, plaintiffs allege that Macedon, Jr.'s, father, Camille Macedon, Sr. ("Macedon, Sr."), agreed to obtain financing for them. It is asserted that the essence of the purported agreement was:

  (1) All expenses would be borne by plaintiffs.
  (2) Plaintiffs would continue to live on the property.
  (3) If title had to be placed in defendant's name, then it would be, but only until title could be returned to plaintiffs.

After negotiations, the parties and the Bank arrived at an agreement. The substance of the agreement was that defendant and the Bank would enter a loan purchase agreement for the property. Macedon, Sr., would rent Plot 12BD at a rate of $1,000.00 a month for eight (8) months, the payments to be applied to the $26,000.00 purchase price of the house, if the purchase option was exercised. Def. Exhibit II.

The parties allegedly agreed that all payments, both rental and purchase, would be made by plaintiffs, although record title was to be in defendant. Plaintiffs' posture herein is that they relied on the representations of Macedon, Sr., that he would turn title over to plaintiffs upon completion of the payment of the loan, unless it was practical to do so sooner. No document embodying *all* of these terms has been presented to the Court. Defendant has denied that any of

---

[1] Defendant actually moved for dismissal pursuant to Rule 12(b)(6), or in the alternative summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Since the Court is considering matter outside the pleadings, the Court will treat the matter before it as a motion for summary judgment. Hubicki v. ACF Industries, Inc., 484 F.2d 519, 523 (3d Cir. 1973); Ahmad v. Burke, 436 F.Supp. 1307, 1313 (D. Pa. 1977). See generally 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2713 at 599–601 (1983); 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1366 (1969 & 1983 Supp.).

these allegations are true and contends that no such "understanding" ever existed.[2]

In 1976 Macedon, Sr., further encumbered the property by a personal loan for $20,000.00. Plaintiffs were unaware of this transaction, although they resided on the premises at the time. Plaintiffs claim that subsequently in 1981 defendant told them they would get the property back only if they paid off the original note as well as the 1976 loan. Plaintiffs arranged for financing and paid off the balance on both notes. They complain now that defendants were unjustly enriched by $18,000.00, that being the amount due under the 1976 loan, which they paid off.

## III. STANDARD FOR SUMMARY JUDGMENT

■■ Summary judgment is to be entered in a case only if the pleadings, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 45(c); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962). When considering the motion, the Court clearly must resolve any doubts as to the existence of disputed issues of material fact *against* the movants. Hollinger v. Wager Mining Equipment Co., 667 F.2d 402, 405 (3d Cir. 1981); Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981) (quoting Tomalewski v. State Farm Insurance Co., 494 F.2d 882, 884 (3d Cir. 1974)); Ely v. Hall's Motor Transit Co., 590 F.2d 62 (3d Cir. 1978).

■ Furthermore, the inferences drawn from evidential sources submitted to the Court must be viewed in the light most favorable to the party opposing the motion. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977).

■ In addition, summary judgment should be granted only in clear cases. Suchomajcz v. Hummel Chemical Co., 524 F.2d 19, 24 (3d Cir. 1975); Season-All Indus., Inc. v. Turkiye Sise Ve Carn Fabrikalari, A.S., 425 F.2d 34, 39 (3d Cir. 1970). If the evidence presented in the motion is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper. Bragen v. Hudson County News Co. Inc., 278 F.2d 615, 618 (3d Cir. 1960).

■ Finally, a motion for summary judgment lies only when there is no genuine issue of material fact and it is not to be used as a

---

[2] Plaintiffs have submitted supporting affidavits in favor of their position. Defendant has done likewise.

substitute for the trial of disputed factual issues. Krieger v. Ownership Corp., 270 F.2d 265, 270 (3d Cir. 1959). As a result, the Court cannot try issues of fact on a Rule 56 motion but is only empowered to determine whether there are issues to be tried. Rosenthal v. Rizzo, 555 F.2d 393 (3rd Cir.), quoting Wright & Miller, cert. denied, 434 U.S. 892 (1973). Thus the Court's primary function is limited to a determination as to whether a triable issue exists and not a resolution of that issue. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2712 (1983).

## IV. DISCUSSION

Defendants contend that plaintiffs' suit is barred by our local Statute of Frauds because the alleged agreement to transfer the land was not put in writing.[3] Plaintiffs concede that there was no formal writing[4] regarding the agreement to transfer but nevertheless urge the Court to invoke its equitable powers to dispense with the requirements and thereby prevent an injustice from occurring by the invocation of the statute. In support of this theory, plaintiffs rely on § 139 of the Restatement (Second) of Contracts.[5] Subsection (1) of that section provides in pertinent part:

> (1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action or forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise. The remedy granted for breach is to be limited as justice requires.

---

[3] The V.I. local Statute of Frauds (28 V.I.C. § 242) provides in pertinent part:

> Every contract for the leasing for a longer period than one year from the making thereof, or for the sale of any lands, or any interest in lands, shall be void unless the contract or some note or memorandum is in writing, and signed by the party to be charged, or by his lawful agent under written authority.

[4] See infra note 9.

[5] The Restatement is applicable to the Virgin Islands pursuant to 1 V.I.C. § 4. It provides:

> The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

Since local law is not contrary, this section of the Restatement is the substantive law to be followed in the Virgin Islands. Co-Build Companies, Inc. v. Virgin Islands Refinery Corp., 15 V.I. 528, 570 F.2d 492, 494 (3d Cir. 1978); Skeoch v. Ottley, 6 V.I. 241, 252, 377 F.2d 804, 810 (3d Cir. 1967).

Subsection (2) of § 139 of the Restatement (Second) of Contracts[6] outlines the criteria for determining whether an injustice can be avoided only by enforcement of the barred action.

■■ In order to bring § 139 into play, there must have been an oral agreement (promise) upon which reliance by the promisee was foreseeable by the promisor. Plaintiffs naturally allege that such an agreement existed and defendants, conversely, deny that claim.[7] Therefore, a genuine issue of material fact exists as to the existence and substance of the alleged agreement. This is a material fact[8] because if plaintiffs prevail in the proof of the alleged agreement and it comports with the requirements enunciated in § 139 of the Restatement, then the Court may very well exercise its equitable powers to prevent just the type of injustice envisioned by this section. On the other hand if the plaintiffs fail in their offer of proof, the Statute of Frauds would bar the instant action.[9] In any event, the Court desires further development of the facts of the instant

---

[6] Subsection (2) of § 139 of the Restatement (Second) of Contracts reads:

(2) In determining whether injustice can be avoided only by enforcement of the promise, the following circumstances are significant:

(a) the availability and adequacy of other remedies, particularly cancellation and restitution;

(b) the definite and substantial character of the action or forbearance in relation to the remedy sought;

(c) the extent to which the action or forbearance corroborates evidence of the making and terms of the promise, or the making and terms are otherwise established by clear and convincing evidence;

(d) the reasonableness of the action of forbearance;

(e) the extent to which the action or forbearance was foreseeable by the promisor.

[7] See plaintiffs' complaint, paragraph 8 which is verified by affidavit of Leona Macedon, and paragraphs 4–6 of the affidavit of Robert Ruskin. See also defendant Camille A. Macedon, Jr.'s, affidavit, paragraphs 4 and 5.

[8] "[I]n ruling on motions for summary judgment, federal courts have held that a fact or facts are material if they constitute a legal defense, or if their existence or non-existence might affect the result of the action, or if the resolution of the issue they raise is so essential that the party against whom it is decided cannot prevail." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2725 at 94–95 (1983) (footnotes omitted).

[9] The Court is cognizant that plaintiffs, in their supplemental memorandum, attached a writing which allegedly complies with the Statute of Frauds. The Court does not at this juncture decide this question but notes that it alone presents genuine factual issues regarding the application of the Statute of Frauds which would also preclude the granting of summary judgment. Small v. Seldows Stationery, 617 F.2d 992 (3d Cir. 1980). See generally 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d § 2730.1 (1983).

439

action and therefore employs its discretion to deny the motion for summary judgment. Furthermore, the exception to the Statute of Frauds known as the Doctrine of Part Performance must be explored as it is recognized in this jurisdiction. Henderson v. Resevic, 6 V.I. 196, 262 F.Supp. 36 (D.V.I. 1967).

## V. CONCLUSION

In view of the foregoing, the Court finds that a genuine issue of material fact does exist and therefore defendants' motion for summary judgment is hereby DENIED.

## ORDER

For the reasons expressed in the accompanying memorandum opinion, it is hereby

ORDERED that defendants' motion for summary judgment be, and the same is hereby, DENIED.