**DENISE ARMSTRONG FLEMING, et. al., Plaintiffs**

**v.**

**SIMON FRETT, Defendant**

Civ. No. 330/1992

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 5, 1995

ARCHIE JENNINGS, ESQ., *for Plaintiffs*

KWAME O. MOTILEWA, ESQ., *for Defendant*

HOLLAR, *Judge*

### MEMORANDUM OPINION

The plaintiff Denise Armstrong Fleming's motion for summary judgment seeks, *inter alia*, to quiet title and recover her property located at Parcel No. 22-5 Estate Contant by invalidating defen-

dant's claim of title by virtue of adverse possession. In support of her Rule 56[1] motion, plaintiff asserts: (1) that defendant did not possess the property in a hostile manner; (2) that defendant's possession was not open and notorious; and (3) that defendant's possession was not exclusive to plaintiff's claim to title during the statutory period. For reasons stated below, this Court denies plaintiff's motion for summary judgment.

## I. BACKGROUND

On or about October 26, 1962, defendant purchased Parcel No. 22-4 Estate Contant, St. Thomas, U.S. Virgin Islands, and received a permit to build on that property. Plaintiff was the record owner of Parcel No. 22-5 Estate Contant. About the time of defendant's purchase, he commissioned a survey of Parcel Nos. 22-4, 22-5 and 22-6, to determine the boundaries. The defendant, in 1962, relying on the surveyor's incorrect information, erected a fence around and built a house on Parcel No. 22-5, Estate Contant, believing the property to be his own Parcel No. 22-4. Throughout the years thereafter, defendant cultivated the land, raised farm animals, and in general, treated the property at Parcel No. 22-5 as his own. The defendant further prevented anyone from trespassing on the property. Following unsuccessful attempts to amicably resolve this dispute, plaintiff, on or about March 27, 1992, filed an action to quiet title, etc., alleging that she has clear title to Parcel No. 22-5 Estate Contant and that defendant encroached upon her property. Defendant filed a counterclaim alleging ownership of said property by adverse possession.

## II. DISPUTED FACTS

In the affidavit accompanying his opposing motion, defendant asserts that the first time he was told he did not own Parcel No. 22-5 Estate Contant was *24 years after he constructed the house on the property*. The plaintiff, on the other hand, alleges that *defendant was given notice of his error 25 years ago by her aunt*. Plaintiff also alleges that defendant, at that time, agreed to switch properties, but did

---

[1] Federal Rules of Civil Procedure.

not go through with it because he did not want to pay the cost of transfer. Defendant concedes that this conversation took place, but, he asserts that it took place between him and plaintiff herself and not until 24 years after he constructed his residence on the land.

## III. DISCUSSION

Fed. R. Civ. P. 56(c) states in pertinent part that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show *that there is no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law". As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986). Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The burden of establishing the nonexistence of a genuine issue of material fact is on the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). After the moving party has met its burden, the non-moving party must set forth specific facts showing that there is a genuine issue to be determined by a trier of fact at trial. *Id.*

In ruling upon a motion for summary judgment, the Court is required to review the facts in the light most favorable to the party opposing the motion. *Reed, Wibble and Brown v. Mahogany Run Development*, 550 F.Supp. 1095, (D.C. St. Croix 1982), citing, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). The Court cannot try issues of fact on a Rule 56 motion. It is only empowered to determine whether genuine issues of material fact exist and must be tried. *Macedon v. Macedon*, 19 V.I. 434 (D.C. St. Croix 1983). The threshold inquiries are: (1) whether there is the need for a trial; and/or (2) whether there are any genuine issues of material fact that properly can be resolved only by a trier of fact because they may reasonably be resolved in favor of either party. *Anderson*, 477 U.S. 242 at 251.

To prevail on her motion for summary judgment, plaintiff must establish the absence of any genuine issue of material fact regarding defendant's non-compliance with the factors set forth in the "adverse possession" statute codified at V.I. CODE ANN. tit. 28, § 11.[2]

### A. Hostile Possession

Plaintiff's principle contention is that the defendant's possession of the property in question *was not* hostile. Possession of real property by an adverse claimant must not only be without subserviency to, or recognition of, the title of the true owner, but it must be hostile to the whole world. *Cakebox Bakery, Inc. v. Maduro*, 15 V.I. 283 (Terr. Ct. St. T. & St. J. 1978). There is no fixed rule or mechanical formula whereby hostile possession of real property by an adverse claimant may be determined. *Id.* The intention of the adverse claimant, upon entering the property, fixes the character of his possession. *Id.* at 289.

■ Referring to defendant's deposition taken July 6, 1993, plaintiff contends that the defendant admitted that plaintiff was the true owner, that defendant built his house on the wrong parcel, and thus, defendant's possession was in acknowledgement that plaintiff was the true owner and was not hostile. Defendant's testimony, however, does not indicate whether he knew plaintiff was the true owner *at the time he took possession of the property in 1962*. In fact, defendant testified that he was told 24 years *after* he built the house that the property did not belong to him. (S. Frett Transcript at pg. 10). In the event the defendant's assertion is true, his knowledge *after* the 15 year statutory period expired is irrelevant. Only a trier of fact can settle the dispute as to when the defendant actually discovered that plaintiff was the actual "recorded" owner of the property.

Plaintiff also argues that since defendant made an agreement with plaintiff to switch properties to correct the mistake, he

---

[2] V.I. CODE ANN. tit. 28, § 11 states:

"The uninterrupted, exclusive, actual, physical, adverse, continuous, notorious possession of real property under claim or color of title for 15 years or more shall be conclusively presumed to give title thereto, except as against the Government."

surrendered any claim to have possessed the property in a hostile manner. Defendant testified at the deposition that the agreement occurred twenty-four (24) years after he took possession of the property. (S. Frett Transcript at pg. 10). Plaintiff alleges that the agreement occurred during the statutory period. Unless the parties can concur as to when this alleged agreement transpired, yet another genuine issue of material fact remains in dispute.

■ In further arguing that defendant's possession of the property was not hostile, plaintiff asserts that defendant's payment of taxes on *unimproved* property did not show "to the world" that he was claiming an interest in the disputed property. In the affidavit accompanying defendant's motion in opposition to summary judgment, defendant asserted that taxes paid reflected *improved* property. Although the payment of taxes is not a necessary prerequisite to prevailing on a claim for adverse possession, it is significant in determining whether possession is in fact under a claim of right. *McNamara, v. Christian* 26 V.I. 109, 114 (Terr. Ct. St. Croix 1991). Since the payment of taxes can weigh heavily in determining defendant's intention and there exists a dispute as to whether defendant paid taxes on the contested *improved* property or the adjacent *unimproved* property, that issue should also be submitted to the trier of fact.[3]

### B. Open and Notorious

■ The second contention of plaintiff is that the manner in which defendant possessed the property was *not* open and notorious. Open and notorious possession contemplates possession that is *unconcealed and so conspicuous that it is generally known by the public or by people in the neighborhood. Id.* at 111. In *McNamara*, the party claiming adverse possession built a tool shed, kept his dog on the property, put up a chain link fence, and posted a no trespassing sign. The court held that this *was not* adverse possession since no significant improvements or substantial permanent structures were erected. Here, defendant not only erected a fence,

---

[3] At this juncture, it is also unknown whether *plaintiff* paid taxes on Parcel 22-5 Estate Contant during the period from 1962 to 1987, and if she paid taxes, whether the tax bill reflected the parcel as being improved or unimproved.

but shortly thereafter, he built a home on the property. Later on, defendant cultivated the land and raised farm animals on the property. These are substantial permanent structures and significant improvements to the property. Consequently, defendant's use of the land, to wit: fencing off the property, constructing a house, raising farm animals and cultivating the land was adverse, open, and notorious, thus fulfilling the purpose of adverse possession, which is to give the true owner notice that someone is claiming an interest in said property.

### C. Exclusive, Continuous & Uninterrupted Possession

The plaintiff in her summary judgment motion at page 6 states, "he [defendant] may have built on said property but claim to his property 22-5 was not *exclusive* of Ms. Armstrong's claim of title." Stressing the significance and use of the word "claim", plaintiff cites *Gee v. CBS, Inc.*, 471 F.Supp. 600 (E.D. Pa. 1979).

Reliance, however, on *Gee* is misplaced since *Gee* emphasizes *possession* and not *claims* in establishing adverse possession.[4] *In fact, the Third Circuit,* [5] *in quoting III American Law of Property* § 15.1 et seq. at 755-838 (1952) held:

> "Open" and "notorious" means such possession as will permit the true owner to have notice in order that "he may act to recover his property and protect his title from an adverse possessor". . . . There must *be actual possession* of the property, *and not merely the assertion of possession without possession in fact* . . . . But along *with possession in fact* is the concomitant requirement that the adverse possessor *claim* he is legally entitled to ownership. In other words, there must be "nothing more or less than the existence of *actual possession* evidenced by acts of legal ownerships". (Emphasis Provided).

■ Because the provisions of V.I. CODE ANN. tit. 28, § 11 track the traditional "adverse possession" statutes of New York and Penn-

---

[4] *Gee*, using New York and Pennsylvania statutes, expanded the concept of "adverse possession" to embrace personal property, both tangible and intangible, as well as "chose(s) in action".

[5] United States Court of Appeals For The Third Circuit.

sylvania cited in *Gee*, "actual *possession*", and not mere "assertions" or "claims" of possession, is the controlling factor in establishing adverse possession of property.

## IV. CONCLUSION

In consideration of the above and upon review of the pleadings, affidavits, transcripts and other documents in the record, this Court concludes that genuine issue(s) of material fact exist as to whether the defendant's possession of Parcel No. 22-5 Estate Contant was open, notorious, hostile, exclusive, continuous, uninterrupted, adverse, and under claim or color of title for 15 years or more.

Accordingly, the plaintiff's motion for summary judgment is DENIED.

### MEDIATION REFERRAL ORDER

WHEREAS, this matter has been pending since March 27, 1992 when the complaint was filed; and

WHEREAS, due to substantial backlog in the disposition of cases, this matter should be referred to mediation;

NOW THEREFORE, pursuant to Terr. Ct. R. 40, it is hereby,

ORDERED, that this matter is referred to mediation on the following conditions:

1. The first mediation conference shall be held no later than sixty (60) days from the date of this Order.

2. Within ten (10) days after the date of this Order, the parties may stipulate as to the designation of a certified or qualified mediator. They shall promptly notify the Court of their stipulation. If they cannot agree upon a mediator, they shall so notify the Court, and the Court shall appoint a certified mediator.

3. After the appointment of a mediator, the named mediator shall notify the parties in writing of the date, time, and place of the first mediation conference.

4. Before serving, the mediator shall take the oath or affirmation similar to that administered to officials of the Territorial Court.

5. Mediation shall be completed within forty-five (45) days of the first mediation conference unless extended by Order of the

Court or by stipulation of the parties, but in no event shall it exceed ninety (90) calendar days.

6. In the absence of a written agreement providing for the mediator's compensation, the mediator shall be compensated at an hourly rate to be determined by the Presiding Judge. Each party shall pay fifty percent (50%) or such proportionate share of the total charges of the mediator as may be agreed upon, unless the mediator and/or the Court determines that one party has not mediated in good faith.

7. Discovery may continue throughout mediation, or the parties may agree to delay or defer discovery.

## ORDER

In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED, that the plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is DENIED.