**HARRIETT L. SASSO, Plaintiff**
**v.**
**EUPHITA O. HACKETT, Defendant**

Civil No. 538/2002

Territorial Court for the Virgin Islands

Division of St. Croix

June 24, 2004

MARK L. MILLIGAN, ESQ., St. Croix, U.S. Virgin Islands, *Counsel for Plaintiff*

ESZART A. WYNTER, SR., ESQ., St. Croix, U.S. Virgin Islands, *Counsel for Defendant*

ROSS, *Judge*

## MEMORANDUM OPINION

(June 24, 2004)

THIS MATTER is before the Court on Defendant Euphita O. Hackett's ["Defendant"] Motion for Reconsideration and Plaintiff Harriett L. Sasso's ["Plaintiff"] opposition thereto. For the following reasons, Defendant's motion for reconsideration will be denied. However, the Court, *sua sponte,* will reconsider the parties' cross-motions for summary judgment.

On September 11, 2003 Defendant filed a motion for summary judgment, alleging that she met the requirements of 28 V.I.C. § 11 and is entitled to the property by adverse possession, which she pled as an affirmative defense in her answer. Plaintiff filed a cross-motion for summary judgment, alleging that she met all the elements of an action to recover real property. This Court denied both motions, explaining that

Defendant's motion for summary judgment was improper, as she had no claim for adverse possession before the Court. At the time the Court decided the summary judgment motion, the Court was unaware that Defendant filed a motion to amend her answer to include a counterclaim of adverse possession. On April 14, 2004, this Court exercised its discretion and granted Defendant's motion to amend, stating *inter alia,* that the interests of justice mandated that Defendant amend her answer to include her counterclaim of adverse possession.

Defendant states that Rule 8(c) applies to her answer because she raised the issue of adverse possession as an affirmative defense and that the rule allows this Court to consider her affirmative defense as a counterclaim if it was necessary to do so in considering her motion for summary judgment. Rule 8(c) provides in pertinent part:

> … When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

FED. R. CIV. P. 8(c). While Defendant is correct that Rule 8(c) is applicable, its application is discretionary with the court. "Thus, when defendant asserts a matter as a defense to plaintiff's claim that is legally insufficient to constitute an affirmative defense, but nonetheless could serve as an independent counterclaim, the court may relabel the defense as a counterclaim." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1275 at 457 (2d ed. 1990); *Sachs v. Sachs,* 265 F.2d 31 (3d Cir. 1959). Moreover, a trial court's determinations with respect to affirmative defenses are reviewed using the abuse of discretion standard. *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 664 (9th Cir. 1999).

Defendant also states that the Court also erred because Rule 56(b) does not require her to "predicate a motion for summary judgment upon a counterclaim." Def.'s Mot. at 2. Rule 56(b) provides:

> A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any tine, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

FED. R. CIV. P. 56(b). Defendant has misconstrued what the Court stated in its January 2004 order denying summary judgment. To reiterate, Defendant filed her answer to Plaintiff's complaint on November 8, 2002, alleging adverse possession as her affirmative defense. When the Court rendered its decision on Defendant's summary judgment motion, it was unaware that she had moved to amend her answer, so what was before the Court was her motion for summary judgment based on her affirmative defense. The Court believed the motion was improper because an affirmative defense, if true, will allow a defendant to escape liability. *Hellauer v. NAFCO Holding Co.*, No. CIV. A. 97-4423, 1998 U.S. Dist. LEXIS 12029 [WL at 4] (E.D. Pa. July 28, 1998). In contrast, a counterclaim provides a basis upon which an award of damages or equitable relief can be predicated. *Id.* In other words, under the Court's belief, Defendant did not have a cause of action at that point, only a defense. *See Reiter v. Cooper*, 507 U.S. 263, 113 S. Ct. 1213 (1993). While Rule 8(c) permits the Court to treat a counterclaim as a defense and vice versa, this Court instead allowed Defendant to amend her answer to include her counterclaim of adverse possession. Hence the Court will now address Defendant's motion for reconsideration.

In her motion for reconsideration, Defendant maintains that this Court's denial of her motion for summary judgment implicates errors of law and fact to warrant reconsideration. Plaintiff's opposition is short and succinct, stating that said motion is procedurally flawed in that it was not filed within ten days after the Court's January 28, 2004 order, and that Plaintiff failed to produce any new evidence or applicable law. Rule 7.4 provides *inter alia,*

> A party may file a motion asking a judge ... to reconsider an order or decision made by that judge ... . Such motion shall be filed within 10 days after the entry of the order or decision unless the time is extended by the court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;
> 2. availability of new evidence;
> 3. the need to correct clear error or prevent manifest injustice.

L.R. CIV. P. 7.4. Plaintiff is correct that Defendant's motion was filed beyond the ten days required under the rule. In fact, Defendant's motion

378

was filed on March 10, 2004, and she has not shown good cause for her late filing. Therefore, the Court will deny Defendant's motion as untimely. However, because the Court erred in denying Defendant's summary judgment motion because it was unaware that her motion to amend had been filed, the Court will, on its own, reconsider the parties' motions for summary judgment to correct clear error.

A motion for summary judgment is granted if a court determines that there are "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "A material fact is one that will affect the outcome of the action under the applicable law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 247, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury would return a verdict for the nonmoving party." *Id.* The movant carries the initial burden of demonstrating that no genuine issue of material fact exists. *Porter v. Samuel*, 889 F. Supp. 213, 218 (D.V.I. 1995). Once Defendant properly supports the motion for summary judgment, Plaintiff must now bring specific facts, which shows there is a genuine issue for trial. *Id.* "Any doubts are resolved in favor of the nonmoving party whose allegations are taken to be true." *Id.*; *see also Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983) *cert. denied*, 465 U.S. 1091 (1984). However, issues of fact are not tried on a summary judgment motion. The Court is "only empowered to determine whether genuine issues of material fact exist and must be tried." *Fleming v. Frett*, 33 V.I. 58, 60 (Terr. Ct. 1995). At the onset, the Court must decide if there are genuine issues of fact that only a fact finder can resolve." *Anderson*, 477 U.S. 242 at 251.

The facts according to Defendant's affidavits and pleadings are hereby recounted below. Defendant and her husband, Frank Hackett, purchased real property from Elizabeth Benjamin ["Benjamin"] in 1972 for $5,000, with monthly payments of $75. They received title to the property via warranty deed in 1975 and the property was designated as plot 5T. Benjamin showed Frank Hackett the property they agreed to purchase. Before receiving title to the property, Benjamin told Defendant and her husband that they could make improvements on the property. In reliance on the information given by Benjamin or by honest mistake, Frank Hackett began to construct a residential dwelling in 1973, which was completed in 1980. Defendant and her husband lived together in the

residence from 1980 until his death in 2002. Defendant still resides at that location. Defendant claims to holds record title in fee simple of real estate more fully described as:

> Plot no. 5T consisting of 0.500 U.S. acres of Estate Upper Love, Prince Quarter all as more fully shown on P.W.D. 2524, dated June 24, 1968

and insists that her residence is constructed thereon.

Plaintiff's narration of the facts according to her affidavits and pleadings is asserted below. Benjamin conveyed title to plot 5U to Edna Sealey and Josephine Blackwell (both deceased) in 1972 by warranty deed as joint tenants with right of survivorship, their heirs and assigns, in fee simple absolute. As devisee of Josephine Blackwell, Plaintiff acquired title to plot 5U by judgment and order of the Court on May 4, 1998. *See Matter of the Estate of Josephine Blackwell,* Probate No. 99/1997. On or about April 11, 2001, Plaintiff served Defendant with a notice of intention to commence civil action to recover possession. On September 11, 2003, Plaintiff received a written report from surveyor Arnold M. Golden, who stated that based on the relevant survey drawings and his field inspection, Defendant's improvements were located on plot 5U.

Plaintiff maintains that she obtained all rights, interest and title to real property located and described as:

> Plot no. 5U, consisting of 0.500 U.S. acres at Estate Upper Love, Prince Quarter, all as is more fully shown of OLG Drawing #2606, dated April 9, 1969.

Plaintiff initiated this action against Defendant on August 15, 2002 to recover possession of real property, claiming that Defendant's residence is located on plot 5U and that Defendant is wrongfully withholding plot 5U from her. Plaintiff claims that she demanded possession of the property and gave Defendant notice of the judgment. In Defendant's responsive pleading, she asserted affirmative defenses, including adverse possession, stating that she holds record title in fee simple to plot 5T. Defendant also states that it is her belief that Plaintiff holds record title to plot 5-U, which is contiguous and adjacent to 5T, and that both properties were once held by Elizabeth Benjamin, original source of both Plaintiff's and Defendant's titles. As there are no material issues of fact

380

and only issues of law as to the facts, this issue can be decided in a summary judgment motion.

The issue before this Court is whether Defendant has proven her ownership of said property by adverse possession. The Virgin Islands adverse possession statute provides:

> The uninterrupted, exclusive, actual, physical adverse, continuous, notorious possession of real property under claim or color of title for 15 years or more shall be conclusively presumed to give title thereto, except as against the Government.

28 V.I.C. § 11. The criteria are established to provide notice to the record owner that the possessor claims interest in the property that conflicts with his or her own interest. *Burnett v. Benjamin,* No. CIV. 348/1995, 44 V.I. 170, 2002 V.I. LEXIS 5 [WL at *3] (2002). If the owner fails to defend his title after the statutory period, adverse possession can develop or ripen into the adverse claimant owning the property. *Id.*

One who claims title through adverse possession must prove each element of his or her claim by clear and convincing evidence. *McNamara v. Christian,* 26 V.I. 109, 112 (Terr. Ct. 1991). Whether the adverse claimant has carried his or her burden is left to the trier of fact. *Id.* In deciding whether or not the claimant has met his or her burden, the Court will look for evidence pertaining to "acts on land as ordinarily an owner would do, such as construction of buildings and making of improvements, or the paying of taxes." *Id.*

### Uninterrupted, Exclusive, Continuous, Actual, Physical, Adverse possession

Adverse possession develops or ripens into ownership when possession is actual, exclusive, uninterrupted and continuous for a period greater than fifteen years. *Burnett,* 44 V.I. 170, 2002 V.I. LEXIS 5 [WL at *5]. Actual possession is broadly referred to as "dominion over the land" and it is not commensurate with occupancy. *Watkins v. Watkins,* 775 A.2d 841, 846 (Pa. Super. Ct. 2001). In deciding whether actual possession is present, the court looks at the "character of the premises." *Burnett,* 44 V.I. 170, 2002 V.I. LEXIS 5 [WL at *5]. Likewise, "to qualify as exclusive possession the possession need only be that which would ordinarily characterize an owner's use." *Id.* To demonstrate

continuous possession, it is not necessary for Defendant to stay on the land continuously or carry out "acts of ownership" on a daily basis. *Id.*

In her counterclaim, Defendant claims that she has been in actual physical possession of the premises in question for at least thirty years, and this actual possession is adequate to support her claim of right by adverse possession. Over that time she built a house and occupied that house for the last twenty-two (22) years. Defendant also states that as she built a home and resided there is sufficient indicia that she intended to occupy and own the premises as a personal residence to the exclusion of others. Defendant further states that from 1973 to 1988 she was never divested of possession of the property, therefore she has satisfied the elements of uninterrupted and continuous possession.

Plaintiff submits that she has met all the elements of an action to recover property in several instances. Section 283 provides:

> The plaintiff in his complaint shall set forth—
>
> (1) a description of the property with such certainty as to enable the possession thereof to be delivered if recovery is had;
> (2) the nature of plaintiff's estate in the property, whether it is in fee, for life and for whose life, or for a term of years and the duration of such term;
> (3) that the plaintiff is entitled to the possession of the property; and
> (4) that the defendant wrongfully withholds the same from him to his damage in such sum as may therein claimed.

With respect to elements one and two, Plaintiff states that she obtained all rights, interest and title to:

> Plot No. 5-U, consisting of 0.500 U.S. Acres at Estate Upper Love, Prince Quarter, all as is more fully shown of OLG Drawing #2606, Dated April 9, 1969.

Regarding the third element, Plaintiff states that she is entitled to possession of the property because of the judgment that was entered on May 4, 1998 that placed her in possession of plot 5-U, therefore Defendant's defense is barred by *res judicata* and *collateral estoppel*. With regard to the fourth element, Plaintiff states that by Defendant's pleading, raising adverse possession as an affirmative defense in the face

of the judgment rendered, she has proven that she established that Defendant is wrongfully withholding plot 5-U. Plaintiff further submits that as she has met all the elements of an action to recover possession of real property, there is no genuine issue as to any material fact and she is entitled to judgment awarding her immediate possession of plot 5-U Estate Upper Love located in Frederiksted, St. Croix as a matter of law.

The Court disagrees with Plaintiff. It is incontrovertible that Defendant's husband purchased a lot from Benjamin in 1972 and received a warranty deed in 1975 for plot 5T, which is contiguous to plot 5U. Construction of the residence commenced in 1973 and was completed in 1980 on plot 5U. Both Defendant and her husband lived in the residence from April 9, 1980 until his death in 2002 on plot 5U. Defendant still resides there. At the time Plaintiff received the judgment in 1998, Defendant had been residing in the home for eighteen years. These facts have not been challenged by Plaintiff and are clear and convincing and create a presumption by law that Defendant is the owner by adverse possession of plot 5U. Based on the record, Defendant has been in uninterrupted, exclusive, continuous, actual, physical adverse possession of said plot in excess of the statutorily required fifteen years.

### Open and Notorious

In order for an adverse possession claimant to prove that he or she adversely possessed property adverse to the true owner, "that possession must be open and notorious in nature." *Burnett,* at *4. The phrase open and notorious means that "the adverse claim of ownership must be evidenced by such conduct as is sufficient to put a man or ordinary prudence on notice of the fact that the land in question is held by the claimant as his own." *DeCastro v. Stuart,* 43 V.I. 115, 123 (Terr. Ct. 2000). Open and notorious possession is "unconcealed and so conspicuous that it is generally known by the public or by people in the neighborhood." *Burnett,* at *4. Evidence that an adverse claimant paid taxes is persuasive as it "unequivocally notifies any true owners that another is claiming title to the land." *Griles v. Griles,* 39 V.I. 135, 138 (Terr. Ct. 1998).

That Defendant and her husband improved the property by building a residence on said property is evidence of an act that an owner would perform. Defendant also paid property taxes for the years 1987-1995, 1996, 1998, 1999, 2001, showing assessed improvements ranging

from 44,534 in CY-1987 to 81,871 in CY-2001, again acts that an owner would perform. Defendant also proposes to have her neighbor, Patrick Courier, testify that she and her husband lived on the premises for more than twenty years. The record reflects that Defendant has been in open and notorious possession of said property for more than the statutory period.

### Hostile possession

As an adverse claimant, Defendant also needs to show that her possession of said property was hostile. "Hostility means that the possession must be adverse, and not subservient to, the claims of the owner of record and the world." *Burnett*, 44 V.I. 170, 2002 V.I. LEXIS 5 [WL at *4]. "The possession must be under a claim of right and the claimant must possess the property as her own." *Id.* "There is no fixed rule or mechanical formula to determine hostile possession of real property by an adverse claimant." *DeCastro,* 43 V.I. at 122. "A hostile claim of right is present when one does such acts on land as ordinarily an owner would do, such as construction of buildings and making of improvements, or the payment of taxes." *Tutein,* 10 V.I. at 260. "While proving the continuous payment of taxes is not necessary to prevail, it is significant evidence in determining whether possession is in fact under a claim of right." *Burnett*, 44 V.I. 170, 2002 V.I. LEXIS 5 [WL at *5]. The Court finds that Defendant's acts of paying taxes and constructing a residential dwelling demonstrate that Defendant's possession of the property was not subservient to Plaintiff's interest. Defendant's intent is exhibited in the years she paid property taxes, took care of the property and "exercised dominion and control over the property." *Burnett*, 44 V.I. 170, 2002 V.I. LEXIS 5 [WL at *5].

The incontrovertible evidence clearly and convincingly shows that Defendant has had uninterrupted, exclusive, adverse, continuous and notorious possession of plot 5U since 1973 and is therefore legally the owner, by adverse possession, of plot 5-U located at Estate Upper Love, Prince Quarter in Frederiksted, St. Croix. As such, she is entitled to summary judgment in her favor. These premises considered, it is hereby ordered that Defendant's motion for summary judgment is granted.